Filed 11/26/13  E.K. v. Superior Court CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| E.K.,<br><br>    Petitioner,<br><br>v.<br><br>VENTURA COUNTY SUPERIOR COURT,<br><br>    Respondent;<br><br>VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>    Real Party in Interest. | 2d Civil No. B251142<br>(Super. Ct. No. J069423)<br>(Ventura County) |

E.K. (Father) challenges an order of the juvenile court bypassing family reunification services and setting a permanent plan hearing regarding his minor child. (Welf. & Inst. Code, §§ 361.5, subds. (b)(11) & (c), 366.26, subd. (c).)[1]  We deny his petition for extraordinary writ.

### FACTUAL AND PROCEDURAL HISTORY

In June 2013, Ventura County Human Services Agency (HSA) detained Father's five-year-old, female child and removed the child from her mother's custody.

---

[1] All further statutory references are to the Welfare and Institutions Code.

HSA filed a petition alleging neglect under section 300, subdivision (b) against both parents, based upon (1) their respective substance abuse and domestic violence histories, (2) the mother's failure to meet the child's medical and dental needs, (3) Father's significant history of violent crimes, (4) the mother's abuse of the child by duct taping her ankles, wrists and mouth and (5) the parents' history with the juvenile dependency system in San Diego County, which resulted in termination of parental rights to the child's older sibling. Father's history of "violent arrests" includes charges of spousal abuse, battery, resisting arrest, committing a felony with a weapon and possession of a firearm. The parents denied the allegations.

The parents stopped living together approximately nine months before the detention, when the mother and child moved to Ventura County. The mother was awarded primary physical custody of the child and obtained a restraining order against Father, who remained in San Diego County. Father was granted visitation. After the child was detained, she was found to have yeast and urinary tract infections and significant dental needs, including missing and capped teeth. The child's caregiver reported that when the child first arrived, "she was like a little animal. She growled, scratched, hit, and used very foul language. She would meet a new person and show her teeth." HSA determined the child had "suffered significant medical neglect and emotional trauma under the care of her parents." The juvenile court found a prima facie case on the petition, authorized placement of the child and scheduled a jurisdiction and disposition hearing.

The assigned social worker, Lana Powers, prepared a disposition report recommending that the child be declared a dependent of the juvenile court and that she continue to be placed out of home. The report noted that both "parents are clearly eligible to be bypassed for [family reunification] services" under section 361.5, subdivision (b)(11), based upon the earlier termination of parental rights to the child's older sibling.[2] Citing the child's apparent emotional bond with her parents and her

_____

[2] The older sibling was adopted by her maternal grandparents, who live in Ventura County.

2

significant behavioral issues, which could delay adoption, Powers determined "it is currently unclear if it would be in the best interest of [the child] to go forward with such a bypass." Based on this determination, HSA recommended that reunification services be provided to both parents. The child's appointed counsel set the matter for a contested hearing.

At the hearing, Powers testified that she had only observed the child briefly with her mother and had never observed her with Father. After consulting with her supervisor, Powers determined that due to the child's young age, her behavior issues and her attachment to her parents, "it would be in her best interest to continue that relationship . . . and to see if services might help the parents to reunify with her." Powers acknowledged "it would not be detrimental to not provide services to [the] parents," but explained that the child "would benefit from some therapeutic services involving her parents based on how she is responding during visits with her mother and statements that she's made as far as wanting to return home with them. She appears to be quite confused about what's going on right now, and I think to sever any sort of relationship at this point would not be in her best interest before that is addressed."

Father testified he had "fears" the mother was using drugs again, but could not confirm this fact because of the restraining order. He said the child's "rotting" teeth was caused by breast feeding, and that the "dentists and specialists" could not adequately address the problem because of the child's age and body weight. He said he recently completed a co-parenting class and was "willing to do anything possible to be reunited with [his] daughter."

The juvenile court sustained the petition, and bypassed reunification services to both parents under section 361.5, subdivision (b)(11). It rejected their request for services under section 361.5, subdivision (c), because they had failed to demonstrate by clear and convincing evidence that reunification was in the best interest of the child. The court stated: "I think the testimony from Ms. Powers would be that some sort of therapeutic treatment could be in the best interest of the child, but I never heard anything from her that said that reunification with the parent was the thing that was going to do it."

3

The court suggested that "if these parents really want to become involved in seeing their daughter become a healthy child, . . . they could still participate in the therapeutic services whether or not they are being offered any kind of services from the county."

The juvenile court set a hearing for November 25, 2013, to decide whether to terminate parental rights. Father petitions this court for an extraordinary writ vacating the juvenile court's order and ordering family reunification services.[3]

## DISCUSSION

### *Standard of Review*

Under section 361.5, subdivision (c), the juvenile court *shall* not order reunification for a parent described, inter alia, in subdivision (b)(11) "unless the court finds, by clear and convincing evidence, that reunification is in the best interest of the child." (*In re Ethan N.* (2004) 122 Cal.App.4th 55, 64.) Thus, "'. . . [o]nce it is determined one of the situations outlined in [section 361.5,] subdivision (b) applies, the general rule favoring reunification is replaced by a legislative assumption that offering services would be an unwise use of governmental resources. [Citation.]'" (*Renee J. v. Superior Court* (2001) 26 Cal.4th 735, 744, superseded by statute on another ground as stated in *In re Angelique C.* (2003) 113 Cal.App.4th 509, 518-519.) "The burden is on the parent to change that assumption and show that reunification would serve the best interests of the child." (*In re William B.* (2008) 163 Cal.App.4th 1220, 1227.)

We review the juvenile court's refusal to order reunification services under section 361.5, subdivision (c), for an abuse of discretion. (*Cheryl P. v. Superior Court* (2006) 139 Cal.App.4th 87, 96, fn. 6; *In re Angelique C., supra,* 113 Cal.App.4th at pp. 523-524.)

### *Denial of Reunification Services*

Section 361.5, subdivision (b)(11) permits the juvenile court to bypass family reunification services if the court finds, by clear and convincing evidence, that "the parental rights of a parent over any sibling or half sibling of the child had been

---

[3] The mother did not file a petition.

4

permanently severed," and that the "parent has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling."  Father does not challenge the evidence supporting the juvenile court's determination that bypass was appropriate under this subdivision.  Rather, he contends the court erred in not finding that reunification would be in the child's best interest under section 361.5, subdivision (c).  We disagree.

"To determine whether reunification is in the child's best interest, the court considers the parent's current efforts, fitness, and history; the seriousness of the problem that led to the dependency; the strength of the parent-child and caretaker-child bonds; and the child's need for stability and continuity.  [Citation.]  A best interest finding requires a likelihood reunification services will succeed; in other words, 'some "reasonable basis to conclude" that reunification is possible. . . .'  [Citation.]"  (*In re Allison J.* (2010) 190 Cal.App.4th 1106, 1116; *In re William B., supra,* 163 Cal.App.4th at p. 1229.)

Father points to HSA's recommendation that reunification services be provided, but that recommendation was not unequivocal.  Powers expressed "serious concerns about the parents' willingness and ability to adequately participate in and show benefit from reunification services."  She observed that "[t]hey have been offered [services] but failed to benefit from prior services and have minimized the seriousness of their problems."  Even since the detention, Father has missed scheduled visits with the child due to issues with traveling between San Diego and Ventura Counties.  When asked to identify the "clear and convincing evidence" weighing in favor of reunification, Powers responded:  "I'm not sure if I could state it as clear and convincing evidence.  I just believe that at this point she has significant therapeutic needs that could be better addressed if the parents were involved."

Powers' testimony may have established that services would help the child's therapeutic needs, but it did not show that reunification was likely or even possible under the circumstances.  (*In re Allison J., supra*, 190 Cal.App.4th at p. 1116; see *In re William B., supra*, 163 Cal.App.4th at p. 1229 ["The best interests of [a] child are not served by merely postponing his chance for stability and continuity and subjecting him to another failed placement with the parent"].)  Having appropriately determined that Father failed

5

to meet his burden of establishing that it would be in the child's best interest to order reunification services under section 361.5, subdivision (c), the juvenile court did not abuse its discretion by refusing such services.

The petition for extraordinary writ is denied.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

6

Ellen Gay Conroy, Judge

Superior Court County of Ventura

_____

Susan H. Ratzkin for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

Andrew M. Wolf, under appointment by the Court of Appeal, for Minor Child.